IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADONI HEALTH INSTITUTE, | § | |
| | § | No. 470, 2018 |
| Appellant Below, | § | |
| Appellant/Cross-Appellee, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| DELAWARE BOARD OF | § | C.A. No. N17A-10-003-JAP |
| NURSING, | § | |
| | § | |
| Appellee Below, | § | |
| Appellee/Cross-Appellant. | § | |

Submitted: April 10, 2019
Decided: April 11, 2019
Corrected: April 29, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## **O R D E R**

(1)    This appeal and cross-appeal involves two different Superior Court opinions, each of which reviewed a separate order of the Delaware Board of Nursing (the "Board") withdrawing the approved nursing program status of the appellant and cross-appellee, the Adoni Health Institute ("Adoni").

(2)    In its first opinion (the "July 2016 Opinion"), the Superior Court reversed the Board's order dated July 8, 2015, holding that the Board had erroneously found certain deficiencies that formed the basis for the Board's decision

to withdraw Adoni's approved nursing program status.[1] The Superior Court also held that the Board had not erred in finding one deficiency—that Adoni had misstated the length of its curriculum—but that it was the role of the Board to decide in the first instance whether that one deficiency was by itself sufficient to justify withdrawing Adoni's approved nursing program status. Accordingly, the Superior Court remanded the case for the Board to make that determination.

(3) On remand, the Board found that Adoni's misstatement of the length of its curriculum was sufficient to justify withdrawing the school's approved nursing program status, and the Board withdrew that status in an order dated September 13, 2017.[2] Adoni appealed from that order to the Superior Court.

(4) On August 9, 2018 (the "August 2018 Opinion"), the Superior Court affirmed the Board's September 13, 2017 order.[3]

(5) In this appeal and cross-appeal, Adoni appeals from the Superior Court's August 2018 Opinion, and the Board cross-appeals from the Superior Court's July 2016 Opinion.

---

[1] *Leads Sch. of Tech. Practical Nursing Program v. Del. Bd. of Nursing*, C.A. N15A-08-002 JAP, slip op. at 12–13 (Del. Super. Ct. July 29, 2016). Adoni was formerly known as the "Leads School of Technology Practical Nursing Program."

[2] App. to Opening Br. at A-352–75 (Opinion and Order Withdrawing Approved Nursing Program Status (Sept. 13, 2017)).

[3] *Adoni Health Inst. v. Del. Bd. of Nursing*, 2018 WL 3815047 (Del. Super. Ct. Aug. 9, 2018)

(6) As to Adoni's appeal, we affirm the Superior Court's judgment on the basis of the August 2018 Opinion affirming the Board's order dated September 13, 2017.

(7) As to the Board's cross-appeal, we find it unnecessary to address the Board's contentions because our affirmance of the August 2018 Opinion will affirm the Board's withdrawal of Adoni's approved nursing program status anyway.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[4] Technically, if we addressed the cross-appeal and reversed the Superior Court's July 2016 Opinion, that would have the result of affirming the Board's earlier July 8, 2015 decision. The problem for the Board, however, is two-fold. First, it has not convinced us that there is any material distinction in real-world terms between affirming the August 2018 Opinion and thus the Board's withdrawal of Adoni's approved nursing program status in its September 13, 2017 order, and instead issuing further rulings that would revive the Board's earlier withdrawal order. Second, the Board's cross-appeal fails to address all the bases on which the Superior Court based its remand in 2016; as a result, the Superior Court's other grounds for remand would stand. For these reasons, we view it improvident and wasteful to weigh into legal issues that are immaterial and, for the second reason we have noted, seemingly moot.